**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LABORERS' LOCAL UNION NOS. 472 & 172 and LABORERS' LOCAL UNION NOS. 472 & 172 WELFARE AND PENSION FUNDS AND SAFETY, EDUCATION AND TRAINING FUNDS; ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN, P.C., <br><br> Petitioners, <br><br> v. <br><br> INTERCOUNTY PAVING ASSOC. LLC, <br><br> Respondent. | Civil Action No. 19-20258 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon the Petition to Confirm Arbitration Award ("Petition") (ECF No. 1) and Motion to Confirm Arbitration Award ("Motion") (ECF No. 2) of Laborers' Local Union Nos. 472 & 172 and Laborers' Local Union Nos. 472 & 172 Welfare and Pension Funds and Safety, Education and Training Funds; and Zazzali, Fagella, Nowak, Kleinbaum & Friedman, P.C. (collectively, "Petitioners"). Intercounty Paving Assoc. LLC ("Respondent") did not respond. Petitioners seek a judgment in the amount of $287,803.49. (Proposed Order *2, ECF No. 2-1.)[1]

The Court finds that the submissions in support of the Petition and Motion appear to contain typographical errors and discrepancies. First, the Petition and Motion papers consistently spell Respondent "Inttercounty" throughout.[2] (*See* Pet. 1-2; Notice of Mot., ECF No. 2; Proposed

---

[1] The Court references the ECF page number located at the top of the document.

[2] Petitioners' civil cover sheet and Certificate of Service both utilize the "Intercounty" spelling. (Civil Cover Sheet, ECF No. 1-2; Cert. of Service, ECF No. 2-2.) In addition, Petitioners utilize "Intercounty" in the case caption for their Corporate Disclosure Statement. (ECF No. 3.) Otherwise, the case captions generally provide "Inttercounty." (*See, e.g.,* Pet. & Motion.)

Form of Order, ECF No. 2-1.) The underlying arbitration award that Petitioners seek to confirm, however, spells Respondent "Intercounty." (*See* Oct. 31, 2019 Arbitration Award & Order, ECF No. 1 at *16.) Furthermore, Petitioners' Certificate of Service indicates that Petitioners forwarded the Petition and Motion to "Intercounty Paving Assoc., **Inc.**" (Certificate of Service *2, ECF No. 2-2) (emphasis added). The underlying arbitration award, Respondent's signature page to the collective bargaining agreement, the Petition, and Motion papers in general, however, all refer to "Inttercounty" as an LLC. (*See generally* Pet. & Motion.)

Based on the typographical errors and discrepancies in the submissions, the Court finds good cause to deny Petitioners' Motion, without prejudice, pending filing of corrected submissions and proof of service of the Petition and Motion upon Respondent. Accordingly,

**IT IS** on this 29th day of June 2020, **ORDERED** that:

1. Petitioners' Motion to Confirm Arbitration Award (ECF No. 2) is **DENIED** without prejudice.

2. By **July 29, 2020**, Petitioners shall file: (1) pleadings that correct the typographical errors in the Petition and Motion; and (2) proof of service of the Petition and Motion upon Respondent.[3]

3. Petitioners must serve a copy of this Order upon Respondent by **July 8, 2020** and must e-file proof of service.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**

---

[3] Petitioners should attach a copy of the returned certified receipt card to their proof of service. Otherwise, Petitioners must attach a Certification that sets forth sufficient facts from which the Court can determine that Respondent was properly served with the Petition and Motion.

2